The Alta Mines, Inc., a Corporation v. Commissioner.
Alta Mines, Inc. v. Commissioner
Docket No. 111947.
United States Tax Court
1943 Tax Ct. Memo LEXIS 532; 1 T.C.M. (CCH) 347; T.C.M. (RIA) 43001; January 1, 1943
*532 C. J. Sigfrid, Esq., Security Bldg., Denver, Colo., for the petitioner. Owen W. Swecker, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Petitioner challenges the respondent's determination of a deficiency in income tax for its fiscal year April 1, 1939, to March 31, 1940, in the amount of $1,854.87. Two questions are in issue: First, whether petitioner may compute depletion on a cost basis or is limited to the percentage basis, as respondent contends, and secondly, whether petitioner is entitled to deduct as a loss expenses incurred in preparing and filing with the Securities & Exchange Commission a registration statement for 500,000 shares of additional capital stock which was rejected by the Commission. The case was submitted on a stipulation of facts. Findings of Fact The stipulated facts are hereby found. Petitioner was incorporated on July 1, 1936, under the laws of the State of Colorado and in the fiscal year in question was engaged in mining and concentrating gold, silver, and other metals. Its income tax return for the fiscal year was filed with the collector of internal revenue for the District of Colorado. Petitioner kept its books *533 on an accrual basis and filed returns on the basis of a fiscal year from April 1 to March 31. A delinquent return for its initial period, from July 13, 1936, to March 31, 1937, was filed on May 18, 1938. In that return no income was reported and an attached affidavit stated: "The corporation carried on no operations except the construction of mill buildings and mine development work prior to March 31, 1937." Petitioner filed a tentative return for the fiscal year ended March 31, 1938, on June 14, 1938, and its completed return was filed on August 10, 1938. The return reported a net loss and took no depletion deduction, but contained a statement by the taxpayer as follows: The return filed herewith covers the first period of operation of the properties owned by the Alta Mines, Inc. Return filed for the initial period after organization July 7, 1936, to March 31, 1937, included no operations. During such period construction of mill and other equipment was carried on. The taxpayer hereby elects to have depletion allowance computed on the percentage basis. Depletion for the year ended March 31, 1938, has been recorded on the books in the amount of $7,627.43. Such depletion is not *534 included as a deduction in the returns submitted herewith inasmuch as operations resulted in a loss. For the fiscal year April 1, 1938, to March 31, 1939, petitioner filed a return on June 12, 1939, reporting a net loss of $77,102.89. In that return petitioner took a depletion deduction of $18,732.10 without specifying whether that depletion was computed on the basis of cost or percentage. For the fiscal year April 1, 1939, to March 31, 1940, petitioner filed a tentative return on June 14, 1940, and a completed return on July 15, 1940, under an extension granted by the collector of internal revenue. That return reported a net loss of $22,187.48 after the deduction of $42,342.45 for depletion computed on a cost basis. The Commissioner of Internal Revenue in the deficiency notice dated April 29, 1942, allowed a deduction for depletion of $13,784.49, computed on the basis of a percentage of adjusted gross income. In the return for the year in question petitioner deducted $7,414.61 for expenses in connection with the attempted registration of new capital stock with the Securities & Exchange Commission. Of that sum $3,509.11 represented accounting fees carried as an account payable on *535 the company books. The balance of that sum was paid in 1938 and 1939 and was made up of $3,500 paid to Verhulst & Company, $205.60 paid for amendment to the articles of incorporation, and $200 paid for a copy of the certification notice. Petitioner on December 21, 1939, had filed an application with the Securities & Exchange Commission for the registration of 500,000 additional shares of capital stock, par value of one dollar, and on March 23, 1940, the Commission denied petitioner's application. For deficiency notice disallowed the $7,414.61 deduction. Opinion Petitioner is before us seeking to use a cost depletion system for its mining property. It makes the effort notwithstanding that in the return for its 1938 fiscal year it expressly elected percentage depletion. That election would be binding upon it, were it then still free to make one, but it would not have been free if a prior binding election had already been made. Such a prior election, in the words of the statute, would have resulted in an earlier year. "If the taxpayer fails to make" an election "to have the depletion allowance * * * computed with or without regard to percentage depletion" in "his first return under *536 this chapter in respect to a property." The document which petitioner filed in May, 1938, and called its return for the fiscal year ended March 31, 1937, was concededly delinquent. Even if one had been attempted, no valid election of percentage depletion could hence have been made in that return. . For purposes of making an election it is as though no return for the period ending March 31, 1937, had been made. . Thus, for the fiscal year 1937 petitioner failed to elect percentage depletion for its mine and if this was the first year for which a return was made or should have been made, , it can successfully claim here that both it and respondent are committed to a method of depletion excluding percentage. In other words, the present taxpayer is making the contention which the Board forecast in , that "it might even contend in some later year that its election of unit depletion in 1934 - by the silence which the *537 section makes as eloquent as any affirmance - would carry over to a later year and entitle it to that method without further action on its part." Because it construed the statute as authorizing such a possibility, the Board held that the election made at the first opportunity was thereafter conclusive. It is true that that case was affirmed only because petitioner there had net income for the year of election (C.C.A., 3rd Cir.), ; and in a companion case, decided by Memorandum Opinion at the same time as that case and upon its authority, the Board was reversed on the ground that the taxpayer had no net income. . The latter result was, however, questioned; , and ultimately disapproved, (December 7, 1942). It seems to us to follow from all this that petitioner's failure to elect percentage depletion for the 1937 fiscal *538 year eliminated the possibility of the use of the percentage method thereafter if any return was required from it for that period. And of this we think there can be little doubt. Regulations 94, issued under the 1936 Act, exact returns from "A corporation having an existence during any portion of a taxable year * * *." Even "A corporation which has received a charter, but has never perfected its organization, which has transacted no business and had no income from any source * * * In the absence of a proper showing to the collector" - and there was none here - "will be required to make a return." Art. 52-1. It follows that respondent's computation of petitioner's depletion by use of the percentage method was erroneous, and the deficiency in that respect is disapproved. Petitioner incurred certain expenses, which it deducted from gross income, in an abortive effort to secure the approval of the Securities & Exchange Commission to an additional issue of its stock. It may be that except as included in organization expense deductible only upon dissolution, (; ; *539 cf. ;) an item of this kind would not be deductible at any time; (; ; cf. ;) even though the entire transaction results in a loss. . As we understand the situation, however, the disposition we have made of the first issue leaves petitioner with a net loss for the instant year, even without considering the deduction of the registration expense. That being so, there can be no deficiency in any event, and that item need not be considered. Accordingly, we refrain from expressing any opinion on the subject. Decision will be entered for petitioner.